PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

United States District Court
Southern District of Texas
FILED

FEB 10 2000

MICHAEL N. MILBY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE __Southern CCT__ DISTRICT OF TEXAS

__Corpus Christi__ Division

C-00-055

PETITION FOR A WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY

__Shaun deLeon Anderson__
PETITIONER
(Full name of Petitioner)

__McConnel Unit 3001 S. Emily Dr.
Beeville, Texas 78102__
CURRENT PLACE OF CONFINEMENT

vs.

__525037__
PRISONER ID NUMBER

__Gary L. Johnson__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

__89-409,318-A__
CASE NUMBER
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

## PETITION

**What are you challenging?** (Check <u>only</u> one)

- ☒ A judgment of conviction or sentence, probation or deferred-adjudication probation    (Answer Questions 1-4, 5-12 & 20-23)
- ☐ A parole revocation proceeding.    (Answer Questions 1-4, 13-14, & 20-23)
- ☐ A disciplinary proceeding.    (Answer Questions 1-4, 15-19 & 20-23)

**All petitioners must answer questions 1-4:**

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
   237 Judicial District Court of Lubbock County, Texas

2. Date of judgment of conviction: 7-11-89

3. Length of sentence: 10 years

4. Nature of offense and docket number (if known): Robbery   Cause Number
   89-409,318-A

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)

   ☐ Not Guilty    ☒ Guilty    ☐ Nolo contendere

6. Kind of trial: (Check one)   ☐ Jury    ☒ Judge Only

-2-                    CONTINUED ON NEXT PAGE

7. Did you testify at the trial?  ☐ Yes  ☒ No

8. Did you appeal the judgment of conviction?  ☐ Yes  ☒ No

9. If you did appeal, in what appellate court did you file your direct appeal?

   _____ Cause Number (if known) _____

   What was the result of your direct appeal (affirmed, modified or reversed): _____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Result: _____

   Date of result: _____ Cause Number (if known): _____

   If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 237th District Court of Lubbock County, Texas

    Nature of proceeding: Post Conviction Writ of Habeas Corpus

    Cause number (if known): 84-409, 318-A

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
    July 26, 1999

    Grounds raised: expiration of original sentence imposed and unlawful confinement

- 3 -                                          CONTINUED ON NEXT PAGE

Date of final decision: October 6, 1999

Name of court that issued the final decision: Court of Criminal Appeals

As to any *second* petition, application or motion, give the same information:

Name of court: Court of Criminal Appeals

Nature of proceeding: Objections to Appelate Court findings

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
9-22-99

Grounds raised: Expiration of original sentence imposed and unlawful confinement — Petitioner Did show Court documents to support grounds raised

Date of final decision: October 6, 1999

Name of court that issued the final decision: Court of Criminal Appeals

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?
          ☐ Yes  ☒ No

(a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

(b) Give the date and length of the sentence to be served in the future: _____

_____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

  ☐ Yes  ☐ No

**Parole Revocation:**

13.  Date and location of your parole revocation: _____

14.  Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

　　　☐　Yes　　　　　☐　No

　　If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.  For your original conviction, was there a finding that you used or exhibited a deadly weapon?　　☐ Yes　　☐ No

16.  Are you eligible for mandatory supervised release?　　☐ Yes　　☐ No

17.  Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

　　_____

　　Disciplinary case number: _____

18.  Date you were found guilty of the disciplinary violation: _____

　　Did you lose previously earned good-time credits?　　☐ Yes　　☐ No

　　Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

　　_____

19.  Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

　　　☐　Yes　　　　　☐　No

　　If your answer to Question 19 is "yes," answer the following:

　　Step 1  Result: _____

　　_____

　　　　Date of Result: _____

　　Step 2  Result: _____

Date of Result: _____

**All applicants must answer the remaining questions:**

20. State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    **CAUTION:**
    <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
    <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a) Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by the use of a coerced confession.

(c) Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d) Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g) Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h) Conviction obtained by a violation of the protection against double jeopardy.

(i) Denial of effective assistance of counsel.

(j) Denial of the right to appeal.

**(k)** Violation of my right to due process in a disciplinary action taken by prison officials.

*Petitioner Being forced to serve Additional time After original sentence imposed HAS expired.*

-6-                                                         CONTINUED ON NEXT PAGE

A. **GROUND ONE:** was sentenced to 10 years T.D.C.J-I.D on 07-11-89 original sentence expired 07-11-99

Supporting FACTS (tell your story briefly without citing cases or law):

Began 10 year sentence on 02-27-89 as credited by trial court Judge - sentence was imposed on 7-11-89. Original sentence should expire on 2-27-99 with credited time by trial court Judge.

B. **GROUND TWO:** Petitioner is unlawfully confined by Gary L. Johnson, Director of T.D.C.J.-I.D.

Supporting FACTS (tell your story briefly without citing cases or law):

Petitioners official institutional Records (inmate time sheets) show original sentence begin date as 2-27-89 and shows maximum expiration date as 11-05-2005. If calculated correctly, the sentence begin date of 2-27-89 would expire in 10 (ten) years on 2-27-99. Gary L. Johnson - Director of T.D.C.J-I.D. Knowingly continues to unlawfully confine, (see attached sheet A.)

C. **GROUND THREE:** Petitioner is being forced to serve additional time after original sentence imposed has expired.

Supporting FACTS (tell your story briefly without citing cases or law):

On 2-27-99, original sentence of 10 (ten) years imposed by trial Judge expired. Petitioner remains in custody of Gary L. Johnson, Director of T.D.C.J-I.D. as of 02- -2000. Petitioner has not obtained any new charges, has not made any agreements with Gary L. Johnson to remain in custody or confinement for special reasons (see attached sheet B.)

D. **GROUND FOUR:** _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____
_____
_____
_____
_____
_____

21. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

　　☒ ~~Yes~~　　　　☒ No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____
_____
_____

22. Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

　　☐ Yes　　　　☒ No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____
_____

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐ Yes    ☒ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *February 07, 2000* (month, date, year).

Executed on *February 07, 2000* (date).

*Shaun D. Anderson #525037*
Signature of Petitioner (required)

Petitioner's current address: McConnell Unit 3001 S. Emily Drive Beeville, Texas 78102

- 9 -

Petitioner. Petitioner has shown respondent official documents to support his claims of unlawful confinement and expiration of original sentence imposed.

Further, Petitioner is being denied his Constitutional Rights to due process of law - by Gary L. Johnson - being made to serve his original sentence imposed in installments.

PETITIONER WAS PAROLED ON 9-11-1990. Petitioners Parole was Revoked on or about July 15, 1997. Petitioner was returned to the T.D.C.J - I.D on 3-05-98.

However, this does not negate the original imposed sentence of 10 (ten) years that should have expired on 2-27-99

SHEET B.

Nor has Petitioner made any Agreements with Trial Court Judge to serve Additional time under the supervision of Gary L. Johnson, Director of T.D.C.J.-I.D or any other institutional division.

See attached documents   Exhibit A - 1 of 2,

Exhibit B   1 page

Exhibit A - Judgement of Plea of Guilty before Court waiver of Jury trial.

Exhibit B - T.D.C.J.-I.D. inmate record of calculated time

Exhibit "A"

FORM NUMBER 1

| | | |
|---|---|---|
| THE STATE OF TEXAS VS. SHAUN DELEON ANDERSON | NO. 89-409,318 | IN THE 237TH DISTRICT COURT OF LUBBOCK COUNTY, TEXAS |

### JUDGMENT ON PLEA OF GUILTY BEFORE COURT
### WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding | : John R. McFall | Date of Judgment: | 7/14/89 |
| Attorney for State | : Rebecca Baker | Attorney for Defendant: | Dick Alexander |
| Offense Convicted of | : Robbery | | |
| Degree | : 2nd | Date Offense Committed: | 2-27-89 |
| Charging Instrument: | Indictment | Plea: | Guilty |
| Terms of Plea Bargain (In Detail) : | | | |
| Plea to Enhancement Paragraphs(s) | : | Findings on Enhancement: | |
| Findings on Use Of Deadly Weapon | : | | |
| Date Sentence Imposed | : 7/11/89 | Costs: | $298.50 |
| Punishment and Place of Confinement: | 10 years TDC | Date to Commence: | |
| Time Credited | : 2-27-89 to the present | Total Amount of Restitution:$ | -0- |

Concurrent Unless Otherwise Specified.

On this day this cause was called for trial; the State appeared by her Assistant Criminal District Attorney; the defendant appeared in person with his counsel. Both parties announced ready for trial, and the defendant in open Court in person, pleaded guilty to the offense charged.

Thereupon the defendant was admonished by the Court of the range of punishment attached to the offense charged and of the consequences of said plea, and the defendant persisted in pleading guilty; and it plainly appearing to the Court that the defendant is mentally competent, that his plea is free and voluntary, and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting him to confess his guilt, the said plea of guilty is by the Court received, and is here now entered of record upon the minutes of the Court as the plea herein of the defendant;

The defendant further requested the consent and approval of the Court to waive the right of a trial by jury, and whereas such consent and approval of the attorney for the State was duly signed and filed in the papers in said cause before the defendant entered the plea of guilty, and it appearing that all prerequisites required by law for the waiving of this right have been performed, the Court here and now gives its consent and approval for the defendant to waive the right of a trial by jury;

Whereupon the defendant proceeded to trial before the Court, who having heard and considered the pleadings and evidence offered, is of the opinion therefrom that the defendant is guilty of the offense of Robbery, a second-degree felony, committed on the 27th day of February, 1989;

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Court that the defendant is guilty of the offense of Robbery, a second-degree felony, committed on the 27th day of February, 1989, and that he be punished by confinement in the State Penitentiary for a term of ten (10) years, and that the State of Texas do have and recover of the said defendant all costs in this prosecution expended for which execution will issue;

JUL 11 3 03 PM '89

Exhibit (A)

10 189

Page 89

Exhibit "A"

It appearing to the Court that all other matters following the entry of such Judgment have been regularly disposed of, the Court thereupon asked the defendant if he had anything to say why Sentence should not be pronounced against him, to which he answered, he had not, whereupon the Court in the presence of the defendant and his counsel, pronounced sentence against the defendant as follows:

IT IS CONSIDERED, ORDERED AND ADJUDGED by the Court that the defendant, who has been adjudged to be guilty of the offense of Robbery, a second-degree felony, committed on the 27th day of February, 1989, be delivered to the Sheriff of Lubbock County, Texas, who shall immediately convey him to the Texas Penitentiary, there to be turned over to the Director of Correction of the Department of Corrections of the State of Texas, or other person legally authorized to receive such convict, to be confined and imprisoned for a term of ten (10) years, the punishment assessed in accordance with the provisions of the law governing the penitentiaries of said State, and the defendant is remanded to jail until the said Sheriff can carry out the directions of this Sentence.

IT IS FURTHER ORDERED that the defendant is to receive credit for all applicable jail time pursuant to Article 42.03, Texas Code of Criminal Procedure.

Notice of Appeal: _____

_____
PRESIDING JUDGE

7/11/89
_____
DATE SIGNED

40 190

Exhibit "B"

```
T. D C. J.   -   I N S T I T U T I O N A L   D I V I S I O N
     DATE 03/05/99         RECORDS OFFICE           TIME 10:49:36
 ID: 005250    NAME: ANDERSON,SHAUN DELEON            UNIT MCCONNELL
   BEGIN DATE 03/27/1997  TDC RECEIVE DATE 10/25/1999
     STATUS- TIME CLASS IT              W    LAST PCR REQUEST 03/05/99

*  SENT. OF RECORD         0010 YRS 00 MOS 00 DAYS   MAND SUPV PAROLE
   FLAT TIME SERVED        0005 YRS 02 MOS 34 DAYS    035 %    035 %
   GOOD TIME EARNED        0000 YRS 11 MOS 17 DAYS    009 %    009 %
   WORK TIME EARNED        0000 YRS 11 MOS 17 DAYS    009 %    009 %

   MAND SUPV TIME CREDITS  0003 YRS 03 MOS 00 DAYS    033 %
   PAROLE TIME CREDITS                                         053 %
   1 HALF DATE WITH COMMUTATION AND THIRTY TIME 11/05/2005

   GOOD TIME PCT: YES         NUMBER OF DETAINERS 00
   GT TIME LOST 00010 DAYS    WORK TIME LOST 00000 DAYS
   SGT STATUS   BPP DATE                       TDC CALC DATE 11/07/1997


   OUTLINE FOR MAND SUPV RULE
   _____
```

Exhibit (B)

PAGE 16