IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

APR - 3 2000

MICHAEL N. MILBY CLERK

| | |
|---|---|
| SHAUN DELEON ANDERSON,<br>Petitioner,<br><br>V.<br><br>GARY L. JOHNSON, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO. C-00-55 |

**RESPONDENT JOHNSON'S MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES respondent Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, ("the Director"), through the Attorney General of Texas, and files this his Motion for Summary Judgment with Brief in Support.

**I.**

**JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II.**

**DENIAL**

The Director denies each and every allegation of fact made by petitioner, ("Anderson"), except those supported by the record and those specifically admitted herein.

**III.**

**STATEMENT OF THE CASE**

The Director has lawful custody of Anderson pursuant to the judgment and sentence of the 237th District Court of Lubbock County, Texas, in cause number 89-409,318 styled *The State of Texas v. Shaun Deleon Anderson. Ex parte Anderson,* Application No. 43,092-01, at 4, 5. On April

7, 1989, Anderson was indicted for the felony offense of robbery. *Id.* at 4. On July 11, 1989, Anderson pled guilty to the felony offense of second degree robbery. *Id.* at 5, 6. The court accepted Anderson's guilty plea and assessed punishment at ten years imprisonment in TDCJ's Institutional Division.[1] *Id.* Anderson concedes he did not appeal his conviction. *See* federal petition at 3.

Anderson does not challenge the validity of his holding conviction; rather he challenges the effect his parole revocation had on the duration of his sentence. Anderson was administratively released on parole on September 11, 1990. *See* affidavit and letter of John B. Wyeth of the State Classification Committee attached hereto as Exhibit A; *see also* Certificate of Parole attached hereto as Exhibit B. On December 19, 1997, the Texas Board of Pardons and Paroles revoked Anderson's parole for violating the conditions of his administrative release. *See* Proclamation of Revocation and Warrant for Arrest attached hereto as Exhibit C.

On July 26, 1999, Anderson filed a state application for writ of habeas corpus. *Ex parte Anderson*, Application No. 43,092-01, at 7. The Texas Court of Criminal Appeals denied this application without written order on October 6, 1999. *Id.* at cover.

The record of Anderson's state habeas corpus proceeding is available for the court's inspection and will be forwarded to the court as soon as it has been reproduced.

## IV.

## PETITIONER'S ALLEGATION

The Director understands Anderson's allegation to be that he is being illegally held in custody because his original sentence date began February 27, 1989 and therefore his sentence should have been completely discharged in 1999.

---

[1] Formerly the Texas Department of Corrections.

2

## V.

## EXHAUSTION OF STATE COURT REMEDIES

The Director believes that Anderson has sufficiently exhausted his state court remedies with regard to the claim noted above. Therefore, the Director does not move to dismiss for failure to exhaust state court remedies.

## VI.
## MOTION FOR SUMMARY JUDGMENT

### Standard of Review

Anderson filed his instant federal petition for writ of habeas corpus on February 7, 2000.[2] Therefore, his petition is subject to review under the 1996 amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). *See* 28 U.S.C. § 2254 (2000). The amendments took effect on the date they were signed into law by the President on April 24, 1996, and govern all non-capital petitions filed after this date. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997) ("We hold that . . . the new provisions of [the AEDPA] generally apply only to cases filed after the Act became effective" -- April 24, 1996). Under the revised § 2254, a state prisoner may not obtain relief:

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system). Thus, the instant petition could not have been "filed" sooner than February 7, 2000, the date Anderson signed it. Federal petition at 9.

3

  (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2000). Section 2254(d)(2) provides the standard of review for questions of fact, whereas § 2254(d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S. Ct. 1114 (1997). Moreover, on review of a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by *clear and convincing evidence*." 28 U.S.C. § 2254(e)(1) (2000) (emphasis added).

### Anderson's Sentence has not been Unconstitutionally Extended Beyond his Discharge Date

Anderson contends that his sentence has been extended past the ten year term of imprisonment assessed by the trial court. *See* federal petition at 7. However, Anderson's complaints are entirely without merit and must be denied by this court.

Anderson simply did not get credit towards his sentence for the time he spent out of prison on parole; therefore, his maximum discharge date was extended. It is firmly established in this circuit that there is no federal constitutional right to the reduction of the sentence of a parole violator for time spent on parole. *Newby v. Johnson,* 81 F.3d 567, 569 (5th Cir. 1996); *Munguia v. United States Parole Commission,* 871 F.2d 517, 521 (5th Cir. 1989), *cert. denied,* 493 U.S. 856, 110 S. Ct. 161 (1989); *Starnes v. Cornett,* 464 F.2d 524, 524 (5th Cir. 1972), *cert. denied,* 409 U.S. 987, 93 S. Ct. 341 (1972).

To the extent Anderson relies on Texas law, his claim fails because the state courts have interpreted the statute adversely to his position. Likewise, the relevant Texas parole statute has not

4

created a state law right to such sentence credits. The parole statute in effect at the time the controlling offense was committed, February 27, 1989, provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC., ANN. art. 42.18, § 15(a) (Vernon Supp. 1988) (currently TEX. GOV'T CODE ANN. § 508.156(e) (West 1999)). Accordingly, Anderson was never entitled to receive a reduction of his sentence for the time he spent out on parole. Therefore, he has no constitutional right to time credit for the period he was on parole, and this court must deny habeas relief. Anderson cannot argue that he did not receive notice that he would not receive credit for the time spent on parole. Prior to his release on parole, Anderson was required to certify that the parole agreement and statement of rules, regulations and conditions had been read and explained to him, and that he agreed to them and consented to be bound by them upon his release. Exhibit B. Anderson certified his agreement by placing his signature at the end of the parole release documents. Exhibit B. The certificate of parole specifically stated the following: "**BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.**" Exhibit B (emphasis in original). Thus, Anderson knew prior to signing the certificate that if he violated the rules, he stood to lose all street time.

In essence, Anderson argues that because he did not receive credit towards his sentence for time spent out on parole, he is being forced to serve an extended sentence. Again, since he is not entitled to credit towards his sentence for time spent out on parole, his sentence has not been unconstitutionally extended beyond the projected maximum discharge date. *Coronado v. United States Board of Parole*, 540 F.2d 216, 218 (5th Cir. 1976) (conditions of federal prisoner's

5

mandatory release were not additional to, but part of, prisoner's original sentence and the attachment of parole type conditions did not violate the double jeopardy clause). Accordingly, relief must be denied. 28 U.S.C. § 2254 (d).

## VII.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Anderson's petition be denied and dismissed with prejudice.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General
for Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

*Attorney in Charge

_____
TRACY A. SEGRATO*
Assistant Attorney General
State Bar No. 24010712

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

6

## NOTICE OF SUBMISSION

To: Shaun Deleon Anderson, petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

*/s/ Tracy A. Segrato*
TRACY A. SEGRATO
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Tracy A. Segrato, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion for Summary Judgment with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this 31st day of March, 2000, addressed to:

Shaun Deleon Anderson
TDCJ-ID No. 525037
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

*/s/ Tracy A. Segrato*
TRACY A. SEGRATO
Assistant Attorney General

7

A

# AFFIDAVIT

THE STATE OF TEXAS   §
COUNTY OF WALKER    §

BEFORE ME, the undersigned authority, on this day personally appeared JOHN B. WYETH, who, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed:

"My name is JOHN B. WYETH. I am over twenty-one years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am employed as Assistant to the Chairman, State Classification Committee for the Texas Department of Criminal Justice - Institutional Division, and my office is located in Huntsville, Texas. I do hereby certify that the attached information provided on inmate, **Shaun Anderson, TDCJ-ID #525037** are true and correct copies of the records now on file in my office of the Bureau of Classification & Records of the Texas Department of Criminal Justice-Institutional Division.

In witness whereof, I have hereto set my hand this the 14th day of March, 2000."

My Commission Expires:

_6-10-2002_

JOHN B. WYETH,
Administrative Assistant to the Chairman,
State Classification Committee

SWORN TO AND SUBSCRIBED BEFORE ME, by the said JOHN B. WYETH on this 14th day of March, 2000 to certify which witness my hand and self of office.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P. O. Box 99, Huntsville, Texas 77342-0099

Wayne Scott
Executive Director

March 14, 2000

Office of the Attorney General
Ms. Jennifer Lee
Habeas Corpus Division
P.O. Box 12548
Austin, Texas 78711

**RE:   Shaun Anderson        TDCJ-ID# 525037**

Ms. Lee:

The files of this Agency have been reviewed in regard to inmate Shaun Anderson, TDCJ-ID# 525037, pursuant to your request.

The inmate was admitted to custody on 10-25-89, with credit allowed from 2-27-89, on a 10-year sentence charged with Robbery by the 237th District Court under cause #89-409,318 and a concurrent 3-year sentence charged with Theft by the 140th District Court under cause #88-407,346. The inmate is charged for offenses occurring on 2-27-89 and 9-13-89, with sentencing on 7-11-89 and 7-13-89. The offense of Robbery is identified as not eligible for mandatory supervision release by statute and not subject to flat calculated parole eligibility status only by statute. The offense of Theft is identified as eligible for mandatory supervision release by statute and not subject to flat calculated parole eligibility status only by statute. On 1-31-90 the subject was released by Bench Warrant to Smith County and returned to TDCJ-ID on 3-14-90 without new charges. On 9-19-90 new commitments were received from Smith County on a new conviction of 2-years concurrent charged in the 241st District Court under cause #1-89-97. This offense is identified as eligible for mandatory supervision release by statute and not subject to flat calculated parole eligibility status only by statute. The subject inmate was released from custody by parole 9-11-90 to Lubbock County.

The subject inmate was returned to custody on 3-5-98, with credit allowed from 5-21-97, from Brighton, Colorado without new charges, in violation of parole. At the point of readmission, the prisoner was charged as out of custody for a period of 6-years, 8-months and 10-days for an unsatisfactory term of parole. The inmate was additionally penalized for the violation of parole by the permanent forfeiture of appropriate prior earned good time credits as provided by statute and Agency policy.

The subject inmate currently remains in custody with a scheduled 11-5-2005, maximum expiration date and currently parole eligible at the discretion of the Board of Pardons and Paroles with a scheduled subsequent parole eligibility review date of 10-1-2000.

Sincerely,

*[signature]*

JOHN B. WYETH,
Administrative Assistant
To The State Classification Committee
(936) 437-6468

JBW/jw
cc:  file

B

# State of Texas

BOARD



DPS NO:   3935231

## BOARD of PARDONS and PAROLES

## Certificate of Parole

KNOW ALL MEN BY THESE PRESENTS:

The Board of Pardons and Paroles of the State of Texas has been furnished information by the Texas Department of Corrections that

__SHAUN DELEON ANDERSON__     __525037__
Name                          TDC No.

now confined in the Texas Department of Corrections is eligible for Parole release under the provision of Art. 42/18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Parole to the confines of

__LUBBOCK__     __TEXAS__
County          State

and that he shall be deemed on parole and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

LUBBOCK DISTRICT PAROLE OFFICE
409 50TH STREET
LUBBOCK TEXAS 79404

*Released to Detainer*

and that he be permitted to be at liberty in the legal custody of the Texas Department of Corrections but amenable to the orders of the Board of Pardons and Paroles, and under the rules and conditions of parole. The period of parole shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under parole is also calculated as calendar time. This permit to be at liberty on parole is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s) or specifying the context in writing below or in an attachment hereto. This certificate shall become effective when eligibility requirements for parole under Art. 42.18 C.C.P. have been attained by said inmate and when all rules and conditions both general and special are agreed to by said inmate. BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.

### SPECIAL CONDITIONS

(1) R    (2) S    (3) G
R -- $1,055.00

ISSUED BY ORDER, AND UNDER THE SEAL, OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THIS THE ____5th____ DAY OF ____FEBRUARY____, 19__90__

BOARD OF PARDONS AND PAROLES

If Parole is satisfactorily completed, Discharge Date will be ____2-27-99____

## RULES AND GENERAL CONDITIONS OF PAROLE RELEASE
## AS PROVIDED BY THE BOARD OF PARDONS AND PAROLES, ART. 42.18, C.C.P.

In consideration of the parole granted to me by the Board of Pardons and Paroles I do hereby accept such parole. I recognize that my parole release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer, thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, possess, use, sell nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. The releasee shall avoid association with persons of criminal background.
7. The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Board.
8. Abide by any Special Condition(s) imposed by the Board; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.
9. General Provisions
   a. I hereby agree to abide by all rules of Parole and all laws relating to the revocation of Parole including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Parole or under Parole jurisdiction, may conduct such hearings as the Board shall deem necessary, proper or which may be required by law.
   b. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.
   c. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Parole by the Texas Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas for any jurisdiction in or outside the United States where I may be found; I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

### SPECIAL CONDITIONS

A. Releasee shall participate in a maintenance free program for the treatment of alcohol abuse and/or substance abuse.
B. Releasee must complete the basic adult education program.
C. Releasee shall submit to urinalysis for substance abuse at discretion of the supervising officer.
D. Halfway House Placement (See attachment)
E. Releasee shall not operate a motor vehicle without written permission from the supervising officer or the Board.
F. Releasee shall not open a checking account without written permission from the supervising officer or the Board.
G. Release to detainer or plan. (See attachment)
H. Releasee shall participate in an MH/MR and/or psychological counseling program.
I. Releasee must notify any prospective employer regarding criminal history, if a position of financial responsibility is involved.
J. Releasee shall participate in the electronic monitoring program as directed by supervising officer.
K. Releasee shall participate in the special review caseload.
L. Releasee shall participate in a vocational counseling or training program.
M. Releasee shall not use any controlled substance.
N. Releasee shall participate in the sex offense caseload.
O. Releasee shall comply with any other condition as specified herein.
P. Releasee shall participate in the mentally retarded offenders program caseload. (MROP)
Q. Releasee shall participate in Parents Anonymous.
R. (Instate) Make restitution payments as required by supervising officer in an amount to be set by the Board.
   (Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Board of Pardons and Paroles (P.O. Box 13401, Capitol Station, Austin, Texas 78711); total amount to be set by the Board
S. Releasee shall be under intensive supervision.
T. Releasee shall totally abstain from the use of alcoholic beverages of any kind and/or inhalants or intoxicating vapors.
U. Releasee shall submit to urinalysis for substance abuse
V. Releasee shall not contact victim(s) of the instant offense without written permission from the supervising officer or the Board.
Y. Releasee shall participate in substance abuse caseload.
Z. Releasee shall not enter the specified county without prior written board approval.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Parole shall be sufficient cause for revocation of Parole; and I further understand that when a warrant or a summons is issued by the Board of Pardons and Paroles charging a violation of Parole rule or special conditions the sentence time credit shall be suspended until a determination is made by the Board of Pardons and Paroles in such case and such suspended time credit may be reinstated by the Board of Pardons and Paroles should such Parole be continued, as provided by law (Article 42.18, Section 15, C.C.P.). I understand and agree that while I am under Parole I am in the legal custody of the Texas Department of Corrections subject to orders of the Board of Pardons and Paroles and that I will receive credit on my sentence day for day (without commutation time); I further understand and do agree that in the event of revocation of this release on Parole, time spent on Parole will not be credited to my sentence.

AGREED AND SIGNED

on this date: SEP 11 1990    Inmate's Signature _Shaun de Leon Anderson_

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

SEP 11 1990

PAROLE BOARD REPRESENTATIVE                                                DATE

IS - 31 (8/89)

# ATTACHMENT - SPECIAL CONDITION 'G'    (1)

NAME:  <u>SHAUN DELEON ANDERSON</u>
TDC NUMBER: <u>525037</u>

DETAINING AGENCY:  <u>SHERIFF'S OFFICE</u>
<u>TYLER TEXAS</u>

The Board of Pardons and Paroles of the State of Texas hereby orders that the above named inmate be released, subject to all general and specific conditions enumerated in the original Release Certificate, with the special Condition that he shall be released to the custody of the detaining agency shown above.

It is further ordered, and made a condition of this release, that the said inmate shall remain in the custody of the detaining agency until final disposition of the charges pending against him.

In the event that said inmate is deported outside the international borders of the United States by the detaining agency prior to the discharge date shown on the face of the Release Certificate, he/she shall not return to the United States without prior written permission of the Board, which permission shall only be considered upon showing by the release that legal consent has been granted by the appropriate authority.

In the event that said inmate is legally discharged or released by the detaining agency within the international boarders of the United States prior to the discharge date of the period of release shown on the face of the Release Certificate, or in the event that said detaining agency fails to exercise custody of the inmate, the inmate shall immediately upon release (within 24 hours) report as instructed on the original Release Certificate.

C

# STATE OF TEXAS
## BOARD OF PARDONS AND PAROLES
## PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:         DPS#: 03935231

WHEREAS **SHAUN DELEON ANDERSON, # 525037** was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division, released to administrative supervision under Certificate No.<u>02-05-90-525037</u> and subsequently failed to fulfill the terms and conditions of said release, and is therefore not worthy of the trust and confidence therein placed:

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby **REVOKE** that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT issue and the aforementioned person be returned to be confined in the Institutional Division to serve the sentence originally imposed or so much thereof as had not been served at the time of administrative release; and the time during which subject has been at large or on administrative release shall not be considered or credited to subject on such sentence.
*****************************************************************
TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, a convicted felon and a prisoner of the State of Texas, administratively released from the custody of the Institutional Division, has violated the conditions of administrative release, and the Board of Pardons and Paroles has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Texas Criminal Procedure. <u>**THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.**</u>



By _____
    Board Chairman
    Board of Pardons and Paroles
    P. O. Box 13401              Phone
    Austin, Texas  78711   (512)406-5452
    Teletype# BPPZ  or  ORI# TX227015G
    CUSTODY CO.: N/A

<u>    12-19-97    </u>          WARRANT NO. <u>12-19-97-525037</u>
    ISSUE DATE                RULE #:2(CRIMINAL ATTEMPT-IST DGR CRM TRP)
Revocation Grounds:           DPS
 XX do include new conviction TDCJ-ID
 __ do not include new conviction SUPV REGION/
                              AGENT REGION/
                              SUPV OFF//
                              AGT OFF//
                              RELEASEE
DAYS CONFINED PREV PRWs: 0   SUBJ IN OUT OF STATE FACILITY
BPP-COC-98 (R-04-06-94)            IN CUSTODY DATE: 05-21-97

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| *SHAUN DELEON ANDERSON,* <br> Petitioner, <br><br> v. <br><br> *GARY L. JOHNSON, DIRECTOR,* <br> *TEXAS DEPARTMENT OF CRIMINAL* <br> *JUSTICE, INSTITUTIONAL DIVISION,* <br> Respondent. | § <br> § <br> § <br> §   Civil Action No. C-00-55 <br> § <br> § <br> § <br> § <br> § |

## ORDER

On this day came before the court for consideration Respondent Johnson's Motion for Summary Judgment with Brief in Support and the court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED, and DECREED that Respondent Johnson's Motion for Summary Judgment with Brief in Support is hereby GRANTED.

SIGNED this _____ day of _____, 2000.

_____
JUDGE PRESIDING