United States District Court
Southern District of Texas
ENTERED
MAY 30 2000
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHAUN DELEON ANDERSON | § | 17. |
| | § | |
| VS. | § | C.A. NO. C-00-055 |
| | § | |
| GARY JOHNSON | § | |

## MEMORANDUM AND RECOMMENDATION
## ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In this habeas corpus action, petitioner Shaun Deleon Anderson ("Anderson") challenges his current custody in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") claiming that he is being illegally held in custody past his ten year sentence (DE #1). Specifically, Anderson claims that he is entitled to over seven years credit for time spent on parole, such that his original sentence has been discharged. Respondent moves for summary judgment on the grounds that Anderson has failed to allege a constitutional violation (DE #22). Anderson filed a response to the summary judgment motion, DE #15; the response was struck for failure to comply with local rules, DE #16, and has not been re-filed. For the reasons stated herein, it is recommended that respondent's motion for summary judgment be granted and that Anderson's petition be denied.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II. BACKGROUND

By indictment filed April 7, 1989, Anderson was charged with the felony offense of robbery. Ex parte Anderson, Appl. No. 43,092-01[1] at 4. On July 11, 1989, Anderson pled guilty to second degree robbery in Cause No. 89-409,318, styled The State of Texas v. Shaun Deleon Anderson, in the 237th Judicial District Court of Lubbock County, Texas. Ex parte Anderson, Appl. No. 43,092-01 at 5-6; FP[2] Ex. A. The trial court accepted Anderson's guilty plea and assessed punishment at ten years imprisonment in the TDCJ-ID. Ex parte Anderson, Appl. No. 43,092-01 at 5-6; FP Ex. A. Anderson did not appeal his robbery conviction. FP at 3.

On September 11, 1990, Anderson was released on parole. RSJ Ex. A and Ex. B. On December 19, 1997, the Texas Board of Pardons and Paroles revoked Anderson's parole for violating the conditions of his release. RSJ Ex. C.

On July 26, 1999, Anderson filed a state application for habeas corpus relief. Ex parte Anderson, Appl. No. 43,092-01 at 7-12. In his state application, Anderson raised the same claim as he now raises in the instant federal petition: that he is entitled to immediate release because he has served more than ten years on his original sentence, if his time spent on parole is included in the calculation of time served. Ex parte Anderson, Appl. No. 43,092-01 at 3. On October 6, 1999, the Texas Court of Criminal Appeals denied his application without written order. Ex parte Anderson, Appl. No. 43,092-01 at cover.

---

[1] A copy of Anderson's state application for habeas corpus relief, Ex parte Anderson, Appl. No. 43,092-01, is filed in this action at DE #14.

[2] "FP" refers to Anderson's federal petition, DE #1. "RSJ" refers to respondent's motion for summary judgment, DE #12.

2

Anderson filed the instant federal on petition on February 10, 2000.

### III. EXHAUSTION OF STATE COURT REMEDIES

Anderson has presented the claim raised in the instant petition to the state courts. Respondent does not dispute that Anderson has exhausted his state remedies as required by 28 U.S.C. § 2254(b) and (c). Thomas v. Collins, 919 F.2d 333, 334 (5th Cir. 1990), cert. denied, 501 U.S. 1235, 111 S. Ct. 2862 (1991).

### IV. STANDARD OF REVIEW

A. **Summary Judgment standard.**

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). The controverted evidence must be viewed in the light most favorable to the non-movant and all reasonable doubts must be resolved against the moving party. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188 (1990). Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.

3

B.  **Federal Habeas Corpus review.**

A state prisoner seeking federal court review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. <u>Gray v. Lynn</u>, 6 F.3d 265 (5th Cir. 1993). A federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States. <u>Boyd v. Scott</u>, 45 F.3d 876 (5th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1111, 115 S. Ct. 1964 (1995).

Under the 1996 amendments to the federal habeas corpus statute,[3] which took effect April 24, 1996,[4] a state prisoner may not obtain relief unless the state adjudication of the claim

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

28 U.S.C. § 2254(d) (West 1997). See also <u>Drinkard v. Johnson</u>, 97 F.3d 751, 767-68 (5th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1107, 117 S. Ct. 1114 (1997).

Further, in review of a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by clear and convincing

---

[3] These amendments are embodied in the Antiterrorism and Effective Death Penalty Act of 1995, ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.

[4] Anderson's petition was filed on February 10, 2000, and as such, is subject to the provisions of the AEDPA. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S. Ct. 2059 (1997).

4

evidence." 28 U.S.C. § 2254(e)(1). Unless a petitioner offers clear and convincing evidence in rebuttal, federal habeas courts are required to accept as conclusive both the factual findings and the credibility choices of the state courts. Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998), cert. denied, 119 S. Ct. 1339 (1999).

### V. PETITIONER'S ALLEGATIONS

Anderson claims that he is being illegally detained and is entitled to immediate release because his original ten year sentence has been discharged. In particular, Anderson argues that his original sentence date began on February 27, 1989, and the ten years ran from that date such that his ten year sentence was discharged in February of 1999. FP at 7.[5]

### VI. DISCUSSION

Anderson argues that his sentence has been extended past the ten year term assessed by the trial court such that he is being illegally detained. FP at 7. This claim is based on Anderson's erroneous belief that he is entitled to credit on his sentence for time spent on parole. Texas law is clear: when parole is revoked, a parolee is not entitled to credit for time spent on parole. Ex

---

[5]Anderson purports to raise three grounds for relief: (1)his original sentence has expired; (2) he is unlawfully confined; and (3) he is being forced to serve additional time after the expiration of his original sentence. FP at 7. These grounds comprise one claim: that he is being illegally held in custody because his original sentence has been discharged.

5

parte Adams, 941 S.W.2d 136, 137 (Tex. Crim. App. 1997) (en banc). The relevant Texas parole statute specifically states that, if an offender's parole is revoked, the remainder of his sentence will be calculated "without credit from the date of his release [on parole] to the date of revocation." Tex. Code. Crim. P. Ann. art. 42.18 § 15(a) (Vernon 1988), now Tex. Gov't Code Ann. § 508.156(e) (Vernon 1999). Moreover, Anderson cannot argue that he did not receive notice that he would not receive credit for time spent on parole. The certificate of parole, signed by Anderson, specifically provides that if he violates the conditions of his parole "all time served on parole shall be forfeited." See RSJ Ex. B.

Moreover, the loss of street time does not give rise to a federal habeas corpus claim. See Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996) (claim challenging loss of street time upon revocation of parole fails to demonstrate denial of a federal right). As such, Anderson fails to state a constitutional violation and he is not entitled to relief on this claim.

In his stricken summary judgment response, DE #15, Anderson cites to a repealed federal statute, 18 U.S.C. § 4210, and argues that time spent on parole is not automatically forfeited when a parolee is returned to prison for a technical violation. Federal parole statutes are not applicable to the administration of Anderson's state parole.

Anderson's claim that he is entitled to credit on his sentence for time spent on a parole fails to allege a constitutional violation and he is not entitled to relief on this claim.

6

Moreover, Anderson fails to establish that the state court's decision denying his claim was contrary to clearly established federal law, or involved an unreasonable determination of the facts in light of the evidence. Anderson is not entitled to habeas corpus relief.

## VI. RECOMMENDATION

For the foregoing reasons, it is recommended that respondent's motion for summary judgment be granted and that Anderson's petition be denied.

Respectfully submitted this 26 day of May, 2000.

*Jane Cooper-Hill*
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

7

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).