United States District Court
Southern District of Texas
FILED

MAY 26 2000

MICHAEL N. MILBY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

SHAUN DELEON ANDERSON,
    Petioner,

v.    CIVIL ACTION NO. C-00-55

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,
    Respondent.

### ARGUMENT TO RESPONDENT'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT IN ABOVE SAID CAUSE

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COMES petitioner, Shaun DeLeon Anderson, T.D.C.J.-I.D.#525037. In above styled cause no. C-00-55 and shows arguments in response to respondent, Gary L. Johnson, Director, T.D.C.J.-I.D. will show in argument (rebuttal) the following:

Respondent contends that petitioner's sentence has not been unconstitutionally extended beyond his discharge date due to not getting credit toward his sentence for time spent out of prison on parole. Respondent also contends that petitioner has no federal constitutional right to the reduction of his sentence for time spent on parole. Newby v. Johnson, 81 F.3d 567,(5th cir. 1996); Munguia v. U.S. Parole commission, 871 F.2d 517,(5th cir 1989), 493 U.S. 856, 110 S.Ct.161(1989); Starnes v. Cornett, 464 F.2d 524, 524(5th cir 1972) 409 U.S. 987 93 S. Ct. 341(1972).

Petitioner shows that the law on parole revocations is clear in that the forfeiture of flat time(time spent out of prison on parole) is not automatic when a parolee is returned to prison for a technical violation. Title 18 U.S.C. § 4210 (a),(b)2 states:

(a) A parolee shall remain in the legal custody and under the control of the Attorney general until expiration of the maximum term or terms for which the parolee was sentenced,

(b) Except as otherwise provided in this section, the jurisdiction of the Parole Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced except that

   (2) in the case of a parolee who has been convicted of any criminal offense subsequent to his release on parole and such offense is punishable by a term of imprisonment, confinement or incarceration in any penal facility, the Parole Commission shall determine in accordance with the provisions of Section 4214(b) or (c) whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled be longer than the maximum term for which he was sentenced. Title 18 U.S.C. § 4210(b)(2)

Gary L. Johnson, respondent has violated petitioners Fifth Amendment rights(protection against multiple punishments for the same offense), and 8th amendment rights(protection against excessive punishment) in that the Board of Pardons and Paroles has extended petitioners original sentence by six years, eight months and ten days beyond the sentence imposed by the sentencing court. Specifically, petitioner has now received multiple punishment on his original sentence in violation of his 5th amendment rights Protection Against Double Jeopardy. See Howie v.

Byrd 396 F. Supp. 117, 123.

The Supreme Court has ruled that a person on parole is still in custody and living under the conditions of parole is punishment. Board of Pardons and Paroles v. Court of Appeals 910 S.W. 2d 481(Tex.Cr. App. 1995). Since the purpose of a parole revocation is to restore the entire original sentence, there has been double jeopardy punishment without a second trial. Howie v. Byrd, 396, F. Supp. 117, 123.

Whether a prisoner is in prison or at liberty on parole or mandatory supervision, his calendar time cannot be taken away or forfeited upon his return to prison unless a new sentence imposing him with more punishment requires such to occur.

Since each day is a day from the prisoners life, in prison or at liberty on parole, calendar time is not good time and thus it cannot be forfeited as such without becoming a deprivation of life. U.S. Constitution Amendment 5. Howie v. Byrd 396 F. Supp. 117, 123.

In conclusion, Gary L. Johnson, respondent in conjunction with The Board of Pardons and Paroles has unconstitutionally extended petitioners sentence six years, eight months and ten days beyond the maximum expiration date of original sentence imposed in violation of his fifth amendment rights, protection against double jeopardy and multiple punishments for the same offense; And eighth amendment rights protection against excessive punishment. Consequently, petitioners extended sentence is unconstitutional and invalid and must be reversed as provided by law. U.S. Constitution Amendment 5, Amendment 8.

## CONCLUSION

Wherefore, premises considered, petitioner respectfully requests that respondent's motion for summary judgment be denied as petitioner has shown that Gary L. Johnson along with the Board of Pardons and Paroles have unconstitutionally extended petitioner's sentence 6 years, 8 months and 10 days beyond the maximum expiration date of the original sentence imposed. Respondent Johnson has no jurisdiction or authority to further detain petitioner and it is further requested that petitioner's Application for habeas relief be granted as provided by law.

Respectfully submitted,

GRANTED,

*Shaun D. Anderson* #528037
Shaun DeLeon Anderson

_____
Presiding Judge

## CERTIFICATE OF SERVICE

I, <u>SHAUN DELEON ANDERSON</u>, PETITIONER, do hereby certify that a true and correct copy of the above and forgoing Petitioner's **ARGUMENTS TO RESPONDENTS MOTION FOR SUMMARY JUDGEMENT WITH BRIEF IN SUPPORT**, has been served by placing it in the United States Mail, postage prepaid on this the <u>23rd</u> Day of May, 2000.

*Shaun D. Anderson*
SHAUN DELEON ANDERSON
# 525037